Filed 7/1/26  P. v. Mason CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>KEITH LEO MASON, JR.,<br>    Defendant and Appellant. | C102446<br><br>(Super. Ct. Nos. 62-170425,<br>62-191790) |

Appointed counsel for defendant Keith Leo Mason, Jr., filed an opening brief that sets forth the facts of this case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (See *People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to Mason, we affirm the judgment.

### BACKGROUND

In December 2019, in case no. 62-170425, the People charged Mason with disobeying a domestic relations court order (Pen. Code,[1] § 273.6, subd. (a)) and violating a domestic violence protective order (§ 166, subd. (c)(1)(A)).  In March 2021, Mason pled no contest to violating a domestic violence protective order.  The trial court sentenced Mason to 45 days in county jail and three years' probation.

---

[1]    Undesignated statutory references are to the Penal Code.

In May 2023, in case no. 62-191790, the People charged Mason with two counts of unlawful possession of ammunition (§ 30305, subd. (a)(1)) and resisting a peace officer (§ 148, subd. (a)(1)). The probation department petitioned for revocation of probation in case no. 62-170425.

In June 2023, Mason indicated he wished to represent himself. Mason completed a waiver form and the trial court advised him of the risks of self-representation. The court found Mason voluntarily and intelligently waived his right to counsel and granted the request for Mason to represent himself.

Following a hearing in case no. 62-170425, the trial court found Mason violated the terms of his probation.

At trial in case no. 62-191790, the People introduced evidence that on April 16, 2023, a police officer observed a car with tinted windows with its front license plate missing. The officer pursued the car, which ultimately pulled over. The officer identified Mason as the driver. A records check revealed that Mason was on probation and had a suspended driver's license. The officer asked Mason to get out of the vehicle; Mason refused and instead reached behind the driver's seat. The officer told Mason he would use pepper spray if he did not place his hand behind his head. After Mason refused, the officer sprayed Mason. The officer was then able to handcuff Mason and remove him from the car. Police searched Mason's car and found 10-millimeter casings underneath the passenger seat. Police also searched Mason's home and found a backpack containing Mason's passport and ammunition.

The People moved to dismiss one of the counts for unlawful possession of ammunition because the evidence did not establish that the casings found in Mason's car qualified as ammunition. The trial court granted the motion.

The jury found Mason guilty of one count of unlawful possession of ammunition and resisting a peace officer. The trial court sentenced Mason to two years' probation

2

and 270 days in county jail in case no. 62-191790 and 90 days in county jail in case no. 62-170425.

Mason timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (See *People v. Wende, supra*, 25 Cal.3d 436.) Mason was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and Mason has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to Mason. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
RENNER, J.

/s/
WISEMAN, J.*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3